UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 17-MJ-2725 – Turnoff

UNITED STATES OF AMERICA

vs.

LARISA DE LIMA and
ALMIR DE LIMA,

                Defendants.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

                Respectfully submitted,

                BENGJAMIN G. GREENBERG
                ACTING UNITED STATES ATTORNEY

BY: _____
                BRIAN J. SHACK
                ASSISTANT UNITED STATES ATTORNEY
                Coaurt ID No. A5502166
                99 N. E. 4th Street
                Miami, Florida 33132-2111
                TEL (305) 961-9403
                FAX (305) 530-7976

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Larisa de Lima and<br>Almir de Lima,<br><br>*Defendant(s)* | Case No. 17-MJ-2725-Turnoff |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **May 2013 through January 2016** in the county of **Miami-Dade** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 371 | Conspriacy to Commit Marriage Fraud |
| Title 8, United States Code, Section 1324(a)(1)(A)(iv) | Encouraging an Alien to Illegally Reside in the United States |

This criminal complaint is based on these facts:

Please see attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Irving M. Monteverde, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5/19/17

_____
*Judge's signature*

City and state: Miami, Florida       William C. Turnoff, U.S. Magistrate Judge
                                     *Printed name and title*

## AFFIDAVIT

I, Irving M. Monteverde, having been duly sworn, state the following:

## INTRODUCTION AND AGENT BACKGROUND

1. This affidavit is being submitted in support of a criminal complaint against Larisa de Lima ("LARISA DE LIMA") and Almir de Lima ("ALMIR DE LIMA").

2. Your Affiant is a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), and have been so employed since 2008. I am currently assigned to the Office of the Resident Agent in Charge, Key Largo, Florida, ("RACKL") where I am responsible for conducting investigations regarding violations of federal laws, including immigration laws, particularly those laws found in Titles 8, 18, 19, and 21 of the United States Code.

3. I respectfully submit there is probable cause to believe that, from in or around May 2013 through in or around January 2016, LARISA DE LIMA and ALMIR DE LIMA conspired to knowingly and unlawfully enter into a marriage for the purpose of evading any provision of the immigration laws of the United States, in violation of Title 18, United States Code, Section 371. Further, I respectfully submit there is probable cause to believe that, on or about May 16, 2015, LARISA DE LIMA and ALMIR DE LIMA knowingly encouraged and induced an alien to reside in the United States, for the purpose of private financial gain, knowing and in reckless disregard of the fact that such residence was and would be in violation of law, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), (v)(II), and (B)(i).

4. The information set forth in this Affidavit comes from my personal involvement in this investigation, as well as from information provided to me by other law enforcement officers. I have not included in this Affidavit each and every fact known to me about the matters

set forth herein, but only those that I believe are sufficient to establish probable cause.

## PROBABLE CAUSE

5.  Aliens who enter into legitimate marriages with United States citizens or Legal Permanent Residents ("LPR") with CU6 status, the status under which Cuban nationals are granted permanent resident status under the Cuban Adjustment Act, may adjust their immigration status under certain circumstances. For aliens to adjust their immigration status on account of such marriages, either the alien or the spouse must apply for this adjustment. Following the submission of such applications, United States Citizenship and Immigration Services ("USCIS") interviews the married couple to assess the legitimacy of the marriage.

6.  During twenty-five USCIS interviews, through the admissions of interviewee-spouses, USCIS discovered approximately twenty-five fraudulent marriages arranged through LARISA DE LIMA and her husband ALMIR DE LIMA.

7.  Approximately twenty-five United States citizens and/or Legal Permanent Residents ("cooperating spouses") told USCIS that they agreed with LARISA DE LIMA or ALMIR DE LIMA to enter into a sham marriage with an alien they did not know in exchange for payment. Several cooperating spouses told USCIS that LARISA DE LIMA and ALMIR DE LIMA were present when they were introduced to their alien spouse near a courthouse. The cooperating spouses told USCIS that immediately after meeting their alien spouse, they would enter the courthouse with the alien spouse and apply for a marriage license. Several cooperating spouses stated that LARISA DE LIMA and ALMIR DE LIMA personally provided them cash payment for entering into the fraudulent marriages.

8.  A records check revealed that ALMIR DE LIMA is a licensed notary public in the State of Florida. A records check also revealed that the approximately twelve of the

approximately twenty-five fraudulent marriage certificates were notarized with ALMIR DE LIMA's unique notary stamp. The marriage certificates notarized by ALMIR DE LIMA include a marriage certificate notarized on or about May 3, 2013, and a marriage certificate notarized on or about January 2, 2016. Notwithstanding that ALMIR DE LIMA notarized twelve marriage certificates, thereby affirming that a marriage ceremony had taken place, the twelve cooperating spouses whose marriage certificates were notarized by ALMIR DE LIMA told USCIS that no marriage ceremony ever took place.

9. Several cooperating spouses told USCIS that they, along with their alien spouse, went to the house of LARISA DE LIMA and ALMIR DE LIMA, where LARISA DE LIMA and ALMIR DE LIMA staged a wedding ceremony and took photographs. Several cooperating spouses also told USCIS that ALMIR DE LIMA assisted in conducting a mock USCIS interview so that the spouses would successfully complete the USCIS interview without being suspected of fraud.

10. Among the cooperating spouses is SUBJECT 1. A records check revealed that the marriage application of SUBJECT 1 and her alien spouse was supported by a marriage certificate notarized by ALMIR DE LIMA on or about May 16, 2015. A records check also revealed that, on or about May 26, 2015, SUBJECT 1's alien spouse submitted an application to adjust his status on account of the marriage. During her USCIS interview, SUBJECT 1 stated that her marriage to her alien spouse was fraudulent, and that she agreed with LARISA DE LIMA to enter into the marriage in exchange for money. SUBJECT 1 stated that she met her alien spouse on the date of the marriage and that ALMIR DE LIMA and LARISA DE LIMA were also present at the meeting. SUBJECT 1 stated that neither LARISA DE LIMA, ALMIR DE LIMA, nor anybody else conducted a marriage ceremony, and that LARISA DE LIMA and ALMIR DE

LIMA were present at a staged wedding where photographs were taken. SUBJECT 1 stated LARISA DE LIMA gave her thousands of dollars in cash in exchange for entering into the sham marriage.

## CONCLUSION

11.     Based on the foregoing facts and circumstances, your Affiant respectfully submits there is probable cause to believe that, from in or around May 2013 through in or around January 2015, LARISA DE LIMA and ALMIR DE LIMA conspired to knowingly and unlawfully enter into a marriage for the purpose of evading any provision of the immigration laws of the United States, in violation of Title 18, United States Code, Section 371. Further, I respectfully submit there is probable cause to believe that, on or about May 16, 2015, LARISA DE LIMA and ALMIR DE LIMA did knowingly encourage and induce an alien to reside in the United States, for the purpose of private financial gain, knowing and in reckless disregard of the fact that such residence is and will be in violation of law, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), (v)(II), and (B)(i).

FURTHER YOU AFFIANT SAYETH NAUGHT

_____
IRVING M. MONTEVERDE, SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Subscribed and sworn to before me this _____ day of May, 2017.

_____
HONORABLE WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE

4